## HALL *vs.* HALL.

A writ of replevin cannot be sustained against the impounder, to obtain the restoration of animals, lawfully impounded, under the act relating to the restraining of swine, (Rev. Stat. Tit. 3, Ch. 7, § 97,) but which, without his knowledge, the pound-keeper, after a tender of the poundage fees, unlawfully detains.

The pound-keeper, in such case, is not the agent of the impounder.

THIS was an action of replevin, brought originally before a justice of the peace, for taking, and impounding nine pigs.

The cause having been appealed to the county court, for the county of New Haven, at the term of said court holden in December, 1854, the defendant avowed the taking as follows :

" And the defendant comes into court, and well avows the taking of said swine, in said declaration mentioned, and justly, because he says that the place in which, &c., was a public highway in said town of Wallingford ; and because said swine were going at large in said public highway, by the sufferance and permission of the said Henry F. Hall, plaintiff, he, the defendant, well avows the taking of said swine, and justly," &c.

The plaintiff replied, " that after the taking of said swine, and after the impounding the same, to wit, on the same day and year in the said declaration mentioned, he, the plaintiff then offered and tendered to the keeper of the pound, in which such swine were impounded, the sum of one dollar and eight cents, being the sum of twelve cents for each and every swine, so impounded as aforesaid, and so unjustly detained as in said declaration as aforesaid, as poundage for the same, and which was then and there sufficient poundage for the same, and the said keeper of said pound then and there wholly refused to accept said sum from said plaintiff, and unjustly detained the said swine in manner and form as the plaintiff hath above thereof complained against said defendant, and this the said plaintiff is ready to verify. Wherefore,

inasmuch as the said defendant hath above acknowledged the taking of the said swine in the said place in which &c., he, the said plaintiff, prays judgment, and his damages by reason," &c.

To the plaintiffs' replication, the defendant rejoined " that the refusal of said pound-keeper to accept said sufficient sum for poundage, so tendered to him by the plaintiff, and said wrongful detention of said swine, by said pound-keeper, after the tender of said sum, was without the knowledge or consent of the defendant.

To this rejoinder, the plaintiff demurred generally.   The county court sustained the demurrer, and rendered judgment in favor of the plaintiff.

The defendant, by motion in error, then brought the case before the superior court, where the judgment of the county court was reversed, and thereupon, by motion in error, the cause came before this court.

*Doolittle*, in support of the motion.

1. When the owner has tendered all that can be lawfully demanded of him, he is, of right, entitled to the possession of animals detained in pound.   He is not to resort to trespass, or trover, because the statute has given a complete remedy, which is replevin, by which he regains possession of his animals, when unlawfully withheld from him in pound. It is the unjust detention, of which the plaintiff complains, and which is the gist of the action.   He cares not whether the taking was tortious, or not.   He has tendered his amends, and it is the unjust detention, after tender, that he complains of.   The possession is wrongfully withheld from him, and for this wrong our statute furnishes a remedy.   But, by the English law, replevin was always maintained in cases of distress, where the original caption was lawful, if there was an illegal detention, the only exception to the general rule. Fitzherbert Natura Brevium, 69.   Baron Gilbert, on replevin, says this is the only instance where replevin lies, when the

original taking was not tortious. Hammond, in his Nisi Prius says (p. 334,) the same thing, and assigns the same reason viz : replevin is the proper action to try all questions arising out of a distress. Six carpenters' case, 8 Coke, 146. *Pilkington* v. *Hastings*, 5 Coke, 76. Sel. N. P., 1194. That replevin lies for a wrongful detention merely, has been decided in the following cases. 1 Dall., 157. 2 Binn., 2. 16 S. & R., 300. 15 Mass., 359–362. 5 Mass., 284. 4 Green., 306. 2 Fairfield, 28, 31. E. C. L. R. 302.

2. If these claims are unfounded, then the defendant is a trespasser, *ab initio*. The pound keeper, an officer of the law, retaining the legal custody of those animals, acted as the agent of the defendant. We are not obliged to tender fees to the defendant, but to the agent whom he has selected, and entitled to receive the money in his behalf. Stat. 184, 11 Green. Ev., 557. *Browne* v. *Powell*, 4 Bing., 230. 5 T. R., 246. Replevin does not lie against the officer attaching property against the express commands of the plaintiff, but against the plaintiff, so in this case it lies only against the party impounding. 18 Conn. R., 550. 20 Conn. R., 343. The party, having, by his agent entitled to receive fees, refused lawful fees, is a trespasser, *ab initio*.

If the defendant had impounded these animals in an adjoining town, he would then be a trespasser *ab initio*, although the original caption was lawful. Replevin lies only against the impounder. 5 Cush. R., 263.

*Wright*, contra, contended that the defendant was neither guilty of a tortious taking, nor of an unlawful detention of the swine impounded.

1. At common law, in this state, no action of replevin could be maintained. The action of replevin is, by statute given, subject to all the incidents and principles that govern this action at common law, except so far as the statute has altered the mode of procedure. *Ladd* v. *Prentice*, 14 Conn. R., 109. Rev. Stat. 140, § 253 to § 259.

Replevin does not lie at common law, nor under the decisions of this state, unless the taking be tortious and unlawful. *Marshall* v. *Davis,* 1 Wend., 109.   *Pangburn* v. *Patridge,* 7 Johns. R., 141.   *Hopkins* v. *Hopkins,* 10 Johns, R., 373.   *Button* v. *Thompson,* 14 Johns. R., 86.   *Daggett* v. *Robbins,* 2 Black., 415.   *Miller* v. *Adsit,* 16 Wend., 335.   *Bruen* v. *Ogden,* 6 Halst., 370.   *Bowen* v. *Hutchins,* 18 Conn. R., 550.

2. The statute, in the forms prescribed for replevin, both for beasts impounded and goods attached, charges the unlawful impounding, and unlawful taking.   These allegations are not formal and fictitious, but substantive averments, which may be specifically denied and which require specific proof. Rev. Stat. 141, 143, § 256,  264, and by § 263, the defendant is summoned into court, to answer only to the unlawful taking.

4. But if replevin would lie for the unlawful detention in this case, that detention is not by the defendant, but by the unauthorized act of the pound-keeper, and without the defendant's knowledge, or consent.   The relation of principal and agent does not exist between the pound-keeper and the defendant.   The latter had no discretion as to the place of impounding, and he has therefore complied with the law.

HINMAN, J. The plaintiff's swine, found running at large in the highways in the town of Wallingford, were taken up by the defendant, and impounded under the 97th section of the statute, relating to communities and corporations, p. 184 of the Ed. of 1854.   Afterward, while the swine were in pound, the plaintiff tendered to the keeper the statutory fee of twelve cts. for each swine so impounded, and demanded of him their restoration, which was refused by the pound-keeper, without the knowledge or consent of the defendant, whereupon this action was brought.   On these facts, which appear by the pleadings, the superior court held the defendant not liable, and we think the decision was correct.   In *Bowen* v. *Hutchins,* 18 Conn. R., 550, it was held that replevin would

not lie against an officer alone for attaching goods, in favor of a claimant, not a party to the attachment, but the suit must be brought against the attaching creditor. The object of that suit was the same as this,—to procure the restoration to the owner, of property which had been taken into the custody of the law; and the defendant here sustains much the same relation to the swine, that the officer did to the property attached. The only difference is, that, in the case of the attachment of property, the attaching creditor is the party to be sued, and the officer is not liable, unless he has made himself so, by some wrongful act in the execution of his process. Here, there is no party back of the defendant to protect him from a suit, but his authority to take, and impound the swine under the statute, is as ample as that of the officer under his process, and so long as he keeps within the authority, under which he acts, there is no justice in subjecting him to damages, for the wrongful act of the pound-keeper.

It was said in the argument, that the pound-keeper was the defendant's agent,—that he was selected by the defendant, and therefore the defendant was liable for his acts. But this is not so. The statute provides that the selectmen shall erect, maintain, and keep in repair, a good and sufficient pound, or pounds, &c. Rev. Stat., 181. When there is but one pound in a town, the impounder has no discretion whatever, as to the place where he will confine animals impounded, and at most, he is restricted to the two or more pounds which may happen to be in the town; and to make him liable for the acts of such a public officer, whom he was bound to employ, would obviously be unjust. It is true, undoubtedly, that the plaintiff was entitled to his swine; the pound-keeper having no right to retain them, after all that he could demand was tendered to him. But we think the remedy should be sought for against the party, who was in the wrong, and not against the defendant, who has done no wrong. We therefore find no error in the judgment complained of.

In this opinion the other Judges, STORRS & ELLSWORTH, concurred.

Judgment affirmed.